QUINN v. FEAHENY.

SPECIFIC PERFORMANCE—CONTRACTS.

 Where owner of real estate made written offer to sell on deferred payment plan, and purchaser accepted same by telegram before it was withdrawn, the result was contract which may be specifically enforced.

Appeal from Mackinac; Sprague (Victor D.), J. Submitted October 29, 1930. (Docket No. 2, Calendar No. 35,066.) Decided December 2, 1930.

Bill by J. Edward Quinn against Tessie May Feaheny for specific performance of a land contract. From a decree for plaintiff, defendant appeals. Affirmed.

*Prentiss M. Brown,* for plaintiff.

*James F. Shepherd,* for defendant.

POTTER, J. Plaintiff asks specific performance of an alleged written contract entered into between plaintiff and defendant for the purchase and sale

of real estate.   From a decree for plaintiff defendant appeals.

Defendant being the owner of the lands and premises in question, desiring to sell the same, caused to be inserted in the St. Ignace Republican News an advertisement as follows:

"LAKE SHORE COTTAGE FOR SALE.   On the beach in St. Ignace in front of the Hulbert cottage, one mile south from State Ferry Dock; built by the late Capt. C. T. May, of the State Ferry Service.   Cash, or reasonable terms, if desired.   Mrs. Thos. J. Feaheny, 2925 Cadillac boulevard, Detroit, Michigan:

Plaintiff in response to this advertisement wrote defendant:

"I have noticed in the several recent issues of the local paper, that you are desirous of selling your property in St. Ignace, adjacent to the power house.

"I will be pleased to have you name a price for a cash sale and also what terms you would give if extended over a short period."

Defendant answered September 13, 1929:

"Replying to your letter of September 10th, regarding the cottage, the price is $2,000, with a $500 down payment and any reasonable terms on balance including six per cent. interest.

"I will consider a cash proposition.   *Make me an offer.*   Thanking you for your inquiry and hoping to hear from you further, I am,"

Subsequently plaintiff negotiated with defendant by telephone, and as a result of such telephone conversation wrote defendant September 17, 1929, as follows:

"Confirming our telephone conversation of last evening I am inclosing our check for $300 attached

to the deed for your signature, etc. When the deed is signed you may return to the First National Bank, this city, and they in turn will mail you a draft for the balance of $1,500. I have just been advised that it will be necessary for you to secure from the probate court of Wayne county, an exemplified copy of the last will of your father. Also, a certified copy of the order of the probate court assigning the residue. This is necessary because the estate has not been probated in our county. You may also attach the abstract to the deed when same is returned. If you are carrying insurance on the cottage at this time I will appreciate having you assign the policys to me.''

In response to this letter, defendant wrote to plaintiff September 19, 1929:

''Received your offer for the cottage and check yesterday. I understood from our telephone conversation you were to confirm your proposition in a letter and that the $300 check to bind the bargain was to be sent on by your bank when I wrote them of my acceptance and that they were to pay up the balance when papers were forwarded.

''Mr. Feaheny is out of town on a business trip. He phoned the house yesterday to say he would have to be away another week, but I was not here to talk to him, and do not want to close the deal without his approval. Neither do I want to hold your check for the present. I will give you a definite answer as soon as I have a chance to talk the matter over with him.''

Upon receipt of the letter of September 19, 1929, plaintiff telegraphed defendant, September 21, 1929:

''In Reference Your Letter nineteenth Stop If My Cash Offer of September seventeenth not satisfactory for cottage and property I herewith accept your

deferred payment offer in Letter dated September thirteenth.''

And on the same date defendant's husband wrote plaintiff:

''Replying to your telegram regarding sale of property Mrs. Feaheny left for New York yesterday. She will return Oct. 15th and will answer you. I think she has accepted another offer. Hoping this will be satisfactory to you.''

The sole question involved is whether such advertisement and correspondence establish such a contract as the court will specifically enforce. Defendant advertised the property for sale. Plaintiff inquired as to the terms of sale. Defendant stated the terms and invited the plaintiff to make an offer. Plaintiff, in pursuance of that request, made such an offer. There was no withdrawal of the original terms of the sale made by defendant, but defendant did reject the plaintiff's offer made in pursuance of her suggestion. Plaintiff then accepted defendant's original offer. We think there is sufficient to constitute an enforceable contract between the parties. No question is raised as to the sufficiency of the tender upon the part of the plaintiff. The decree of the trial court is affirmed, with costs.

WIEST, C. J., and BUTZEL, CLARK, McDONALD, SHARPE, NORTH, and FEAD, JJ., concurred.